UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANE DOE,                                                                                 Civil Action No. 1:19-cv-2678

                            Plaintiff,

   -against-

                                                            **COMPLAINT**

GONG XI FA CAI, INC., and d/b/a ALTA RESTAURANT, and
ANTHONY BRIATICO, individually, and
CHRISTOPHER CHESTNUT, individually,

                                                           Plaintiff Demands a
                                                                 Trial By Jury

                                                     Defendants.
------------------------------------------------------------------------X

Plaintiff, JANE DOE, (hereinafter referred to as "Plaintiff" and/or "DOE"), by and through Plaintiff's attorneys, **DEREK SMITH LAW GROUP, PLLC,** as and for Plaintiff's Complaint in this action against the Defendants, (hereinafter collectively referred to as Defendants), respectfully alleges as follows upon information and belief:

### NATURE OF CASE

1. This action arises out of the unlawful discrimination, hostile work environment, retaliation and unlawful constructive termination of Defendants against Plaintiff DOE.

2. Plaintiff DOE complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the laws of the State of New York, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking declaratory

and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, gender discrimination, sexual harassment, hostile work environment and retaliation by Defendants.

## JURISDICTION AND VENUE

3. This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Jurisdiction of this action is also conferred upon this Court pursuant to 28 U.S.C. §1332(a). Plaintiff presents claims arising, *inter alia*, under Federal law and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on November 13, 2017.

8. Plaintiff received a Notice of Right to Sue letter from the EEOC on or about June 27, 2018.

9. Plaintiff entered into an agreement that tolled all applicable limitations periods in this matter (the "Tolling Agreement") with Defendants on or about September 24, 2018 which tolled the ninety (90) day period with the respect to the Right To Sue issued by the EEOC and all other applicable limitations periods.

10. Plaintiff satisfied all administrative prerequisites and is filing this case within the period covered by the Tolling Agreement.

11. Venue is proper in that the events arose in New York County within the Southern District of New York.

**PARTIES**

12. Plaintiff JANE DOE (hereinafter referred to as "DOE" and/or "Plaintiff") is an individual woman who is a resident of the State of New York, County of New York.

13. At all times material, Defendant GONG XI FA CAI, INC. d/b/a ALTA RESTAURANT (hereinafter also referred to collectively as "ALTA," and/or "Defendant") is a domestic not-for-profit corporation located in the state of New York.

14. Defendant GONG XI FA CAI, INC. d/b/a ALTA RESTAURANT is a hospitality business that owns and operates several restaurant locations, including the Mediterranean restaurant ALTA in New York City's West Village.

15. Defendant ALTA RESTAURANT is the above referenced restaurant in New York City's West Village.

16. At all times material, Defendant CHRISTOPHER CHESTNUT (hereinafter referred to as "CHESTNUT" or "Defendant CHESTNUT") was Plaintiff's supervisor and a co-owner of ALTA.

17. At all times material, Defendant's Supervisor EVA (surname unknown at present) (hereinafter referred to as "EVA") was Plaintiff's supervisor and a co-owner of ALTA.

18. At all times material, Defendant ANTHONY BRIATICO ("BRIATICO" or "Defendant BRIATICO") held supervisory authority over Plaintiff, controlling many tangible aspects of her job duties, including the power to hire and fire Plaintiff.

19. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable state and local statutes and employed fifteen (15) or more employees.

## MATERIAL FACTS

20. On or about July 7, 2017, Defendant hired Plaintiff as a server.

21. Immediately after Plaintiff DOE's started working for Defendant, Defendant BRIATICO began flirting with Plaintiff DOE.

22. By way of example, Defendant BRIATICO began flirting with Plaintiff DOE by touching her mid-back and shoulder and standing inappropriately close to her and would call Plaintiff DOE, "**BABY**," and, "**MI AMOR**."

23. On or about July 8, 2017, Defendant BRIATICO called Plaintiff DOE into his office and asked her, "**ARE YOU IN A RELATIONSHIP WITH ANYONE?**" Plaintiff replied, "Yes, I have a boyfriend."

24. As a result of Plaintiff DOE's response, Defendant's bullying, harassment and attempts at seduction and sexual coercion intensified.

25. By way of example only, Defendant BRIATICO began blaming Plaintiff in front for her co-workers for being slow and for failing to do tasks that were not in her job description.

26. On or about July 17, 2017, while Plaintiff DOE was working in the bar area searching for a specific dessert wine, Defendant BRIATICO offered to "help" Plaintiff.

27. As Defendant BRIATICO "helped" Plaintiff DOE, he continually touched her arm and while he stood inappropriately close behind Plaintiff, BRIATICO caressed and massaged Plaintiff's shoulders down to the middle of her back.

28. Plaintiff felt extremely uncomfortable and humiliated and moved away from BRIATICO making it clear that she was categorically opposed to BRIATICO's inappropriate, unwanted and sexually motivated physical contact.

29. On or about July 24, 2017, Defendant BRIATICO threw garbage at Plaintiff DOE and then

Supervisor BRIATICO demanded that Plaintiff pick up the garbage he threw.

30. On or about July 26, Plaintiff DOE was changing in the restroom at work. When Plaintiff DOE came out of the restroom, Defendant BRIATICO creepily instructed her, "**NEXT TIME CALL ME... I WILL HELP YOU CHANGE BABY**."

31. On or about August 4, Defendant BRIATICO walked up to Plaintiff DOE and, without asking for her consent, grabbed the collar of Plaintiff's work-shirt and adjusted the collar. Plaintiff DOE was shocked that Supervisor BRIATICO was touching her and put her hands up to push BRIATICO's hands away.

32. On or about August 7, 2017, Defendant aggressively slapped Plaintiff DOE's arm. Plaintiff complained to BRIATICO that the aggressive slap was inappropriate asked him not to hit her again.

33. On or about August 10, 2017, while Plaintiff DOE was working upstairs searching in a refrigerator for a specific white wine to serve a group of customers, Defendant BRIATICO surprised Plaintiff by coming up from behind.

34. Defendant BRIATICO then grabbed Plaintiff DOE from behind and touched her back in a flirtatious manner for an inordinately long and uncomfortable period of time.

35. Plaintiff DOE asked Defendant BRIATICO to stop touching her. In response, Defendant BRIATICO threatened, "**ARE YOU [JANE DOE], THE GIRL WHO USED TO WORK HERE BEFORE?**" The clear message conveyed was that BRIATICO was threatening Plaintiff's employment because she complained about BRIATICO's inappropriate and unwanted physical contact.

36. Later that same day, Defendant BRIATICO called Plaintiff DOE "**BABY**." Plaintiff asked Defendant to stop calling her "**BABY**." Defendant BRIATICO replied, "**BUT I CALL**

EVERYONE 'BABY.'"

37. On or about August 14, 2017, Defendant BRIATICO called Plaintiff DOE "**BABY**" and "**MI AMOR**." Plaintiff again asked Defendant BRIATICO to stop calling here those names. Defendant BRIATICO responded, "**OKAY, JERK-FACE…**"

38. Later that same day, in retaliation against Plaintiff DOE for her opposition of Defendant BRIATICO's unwelcome sexual conduct, Defendant threw trash at Plaintiff.

39. On or about August 16, 2017, Plaintiff DOE learned that a previous female hostess at the restaurant was also a victim of Defendant BRIATICO's sexual harassment. When this hostess made complaints to Defendants, Defendants failed to respond to her complaints and the hostess was eventually forced to resign.

40. On or about September 5, 2017, Plaintiff DOE spoke to Defendant's Supervisor JANET to complain about Defendant BRIATICO's sexual harassment.

41. Plaintiff DOE told Defendant's Supervisor JANET that she needed to request a meeting with Defendant CHESTNUT and Defendant's Supervisor EVA, the owners of the restaurant, regarding Defendant BRIATICO's inappropriate and sexually harassing conduct.

42. Defendant's Supervisor JANET scheduled a meeting for September 8, 2017.

43. On or about September 8, 2017, at the meeting, Plaintiff DOE told Defendant CHESTNUT about Defendant BRIATICO's constant sexual harassment, including Supervisor BRIATICO's unwelcome physical conduct, sexual advances, and comments mentioned above.

44. Defendant CHESTNUT assured Plaintiff DOE her complaints would be confidential and guaranteed Defendant and Defendant BRIATICO would not retaliate against her.

45. Defendant CHESTNUT ended the meeting stating, "**SOME MEN LIKE WOMEN MORE THAN OTHERS**," in reference to Defendant BRIATICO's sexual harassment.

46. On the same day as the meeting, Defendant BRIATICO indicated that he knew Plaintiff DOE made complaints about him to Defendant CHESTNUT and Supervisor BRIATICO began to interfere with Plaintiff's job duties.

47. Once BRIATICO began retaliating after Plaintiff made a formal complaint to Defendant CHESTNUT it became obvious that Defendants would conduct no investigation nor take any substantive measures to remedy or cease Defendant BRIATICO's sexual harassment of Plaintiff.

48. By way of example, Supervisor BRIATICO's retaliated against Plaintiff DOE by assigning her to an extremely busy section that she was not trained to work. Defendant BRIATICO blamed Plaintiff DOE for other employee's mistakes, then screamed at Plaintiff DOE in front of customers and coworkers in order to humiliate and intimidate her.

49. As a result of Defendant BRIATICO's continued harassment, Plaintiff DOE felt extremely humiliated, degraded, victimized, embarrassed and severely emotionally distressed.

50. On or about September 9, 2017, while Plaintiff DOE worked on the mezzanine level, Defendant BRIATICO touched Plaintiff's back and slapped her arm twice.

51. On or about September 10, 2017, Plaintiff DOE sent text messages to Defendant's Supervisor JANET to notify Defendant that she would be resigning because of the continued sexual harassment and hostile work environment.

52. The above are just some examples of some of the unlawful discrimination and retaliation to which Defendant subjected Plaintiff.

53. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

54. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and

physical ailments.

55. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

56. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

57. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

58. Plaintiff claims unlawful constructive and/or unlawful actual discharge and also seeks reinstatement.

59. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

60. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length

62. Title VII states in relevant part as follows:

    "(a) Employer practices:

    It shall be an unlawful employment practice for an employer:

    (1)     to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

63. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex, gender, and national origin.

64. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein because of Plaintiff's sex and gender.

65. Plaintiff hereby makes a claim against the Defendants under all of the applicable paragraphs of Title VII.

### AS A SECOND CAUSE OF ACTION FOR
### RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

66. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

67. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to discriminate against any of his

9

employees because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

68. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

69. Plaintiff hereby makes a claim against the Defendants under all of the applicable paragraphs of Title VII.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW
**(Against All Defendants)**

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

72. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's sex, harassing Plaintiff, and causing a hostile work environment.

73. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

74. Defendants violated the above and Plaintiffs suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW
### (Against All Defendants)

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

77. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff.

78. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## NEW YORK STATE LAW
### (Against All Defendants)

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

80. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

81. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

82. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SIXTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
### (Against All Defendants)

83. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

84. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

85. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's associated disability.

86. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

87. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
### (Against All Defendants)

88. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful

discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

90. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

91. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

92. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

93. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

94. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

95. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

96. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

97. Section 8-107(19), entitled "Interference with protected rights" provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

98. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TENTH CAUSE OF ACTION**
**FOR SUPERVISOR LIABILITY UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(Against All Defendants)**

99. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

100. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise

reasonable diligence to prevent such discriminatory conduct.

101. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Date:   March 26, 2019
        New York, New York

                                    Respectfully Submitted,

                                    **DEREK SMITH LAW GROUP, PLLC.**

                                    Attorneys for Plaintiff


                                    By: _____
                                    DEREK SMITH LAW GROUP, PLLC
                                    Seamus P. Barrett, Esq.
                                    One Penn Plaza, Suite 4905
                                    New York, New York 10119
                                    (212) 587-0760
                                    seamus@dereksmithlaw.com