USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/16/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE,

    Plaintiff,

v.

GONG XI FA CAI, INC. *d/b/a* ALTA RESTAURANT, ANTHONY BRIATICO, *individually*, and CHRISTOPHER CHESTNUT, *individually*,

    Defendants.

No. 19-CV-2678 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Jane Doe brings this action against her former employer, Alta Restaurant, and its owners and operators, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for alleged sexual discrimination and retaliation, as well as related state and city law claims. Before the Court is Plaintiff's motion to proceed under the pseudonym Jane Doe. Although the Court is sympathetic to Plaintiff's desire to remain anonymous in an action involving allegations of this sort, after considering the parties' submissions and the relevant law, the motion is denied.

**I. Legal Standard**

Federal Rule of Civil Procedure 10(a) mandates that the title of a complaint name all parties to the litigation. "Courts have nevertheless carved out a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (alterations omitted). Pursuant to *Sealed Plaintiff*, in determining whether a plaintiff should be allowed to

maintain an action under a pseudonym, the Second Circuit requires courts to balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. "This balancing of interests entails the consideration of several factors," ten of which the Second Circuit has explicitly approved "with the caution that . . . district courts should take into account other factors relevant to the particular case under consideration." *Id.* 189–90.[1]

## II. Discussion

Plaintiff's motion papers focus primarily on the first *Sealed Plaintiff* factor, arguing that the Complaint concerns matters that "are highly sensitive and of a personal nature by any objective standard." Pl's Mem. at 2. Indeed, Plaintiff alleges that she was harassed and humiliated by Defendant Briatico's "inappropriate, unwanted, and sexually motivated physical contact," as well as the retaliation that followed. *See* Compl. ¶¶ 27, 28, 34. The Court appreciates the sensitive and personal nature of such allegations. As Defendants rightly argue, however, courts have been reluctant to permit anonymous pleading even where a plaintiff alleges a more violent form of sexual assault. *See, e.g., Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019). Thus, while this factor supports granting Plaintiff's motion, in light of the other countervailing

---

[1] The ten *Sealed Plaintiff* factors are: "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously . . . ; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identify has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identifies; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff . . . ." *Sealed Plaintiff*, 537 F.3d at 189–90 (internal quotations and citations omitted).

*Sealed Plaintiff* factors, the nature of Plaintiff's allegations alone does not suffice to permit her to proceed anonymously.

Plaintiff fails to establish that the second, third, and fourth factors, which collectively consider the risk of harm to her from litigating publicly, weigh in her favor. She does not assert that the disclosure of her name would subject her to retaliatory physical or mental harm. And although she argues that revealing her identity would exacerbate her emotional distress, such generalized harm, absent more direct evidence linking disclosure of her name to a specific physical or mental injury, is insufficient. *See Doe v. Fullstack Academy, Inc.*, No. 18 Civ. 08070 (ER), 2018 WL 4868721, at *2 (S.D.N.Y. Oct. 5, 2018). Plaintiff, moreover, provides no evidence that her age makes her particularly vulnerable to the potential harms from the disclosure of her identity. *See Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406.

The fifth factor also favors Defendants because they are private parties. While suits against the government "involve no injury to the Government's reputation," suits against private parties "may cause damage to their good names and reputations"—which supports denying a request to proceed anonymously. *North Jersey Media Grp. Inc. v. John Doe Nos. 1-5*, No. 12 Civ. 6152(VM)(KNF), 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012).

It is true that Defendants overstate the degree to which they would be prejudiced were Plaintiff permitted to maintain a pseudonym. Defendants suggest that granting Plaintiff's motion would disadvantage them at "all stages of litigation," including discovery. Defs' Mem. Opp. at 6. But Defendants do not dispute that they are aware of Plaintiff's identity. The previous complaint Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), that was served on Defendants, includes her name—as does the tolling agreement entered between the parties in the EEOC proceeding that followed. Where, as here, Defendants know Plaintiff's name, "there is

no prejudice to [Defendants'] ability to conduct discovery." *Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2019 WL 1437520, at *7 (S.D.N.Y. Mar. 31, 2019). Even so, in assessing prejudice, courts also consider "the damage to a defendant's reputation caused by the anonymous proceedings." *Id.* at *6. Plaintiff's allegations are related to the professionalism exercised by Defendants and courts have found that defending against such allegations publicly, while a plaintiff is permitted to make her "accusations from behind a cloak of anonymity," is prejudicial. *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). This factor thus weighs in favor of Defendants, albeit only slightly.

By contrast, the seventh factor—the extent to which Plaintiff's confidentiality has been preserved—weighs in favor of Plaintiff. It is true, as noted, that Defendants were made aware of Plaintiff's identity in the prior EEOC proceeding. They nonetheless do not contest Plaintiff's assertion that the documents involved in that proceeding were not public and that Plaintiff's identity is not otherwise publicly known. This weighs in favor of maintaining Plaintiff's anonymity. *See Solera Capital LLC*, 2019 WL 1437520, at *7 (concluding that the preservation of confidentiality factor weighed in favor of the plaintiff's anonymity where the general public was not aware of her identity even though the defendants were).

The eighth factor requires the Court to balance competing policies when determining what is ultimately in the public interest. On one hand, the public's interest in the enforcement of sexual discrimination laws under Title VII is strong, and open proceedings "further the public's interest in enforcing legal and social norms." *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 Civ. 5601 (HBP), 2015 WL 7017431, at *6 (S.D.N.Y. Nov. 12, 2015). On the other hand, courts have also recognized the important public interest "in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *See, e.g., Grottano v. The City*

*of New York*, No. 15 Civ. 9242 (RMB) (KNF), 2016 WL 2604803, at *3 (S.D.N.Y. Mar. 30, 2016). Such cases, however, have generally concerned allegations of a more graphic or intrusive nature, such as invasive strip searches, *see id.*, or the sexual assault of minors, *see Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006). When the allegations involve workplace harassment, courts more commonly find that the public interest counsels against anonymity. *See, e.g., Abdel-Razeq*, 2015 WL 7017431, at *6. This factor thus favors Defendants.

The remaining factors also support denying Plaintiff's motion. The issues in this case will be concrete and factual, rather than abstract and legal, which militates towards disclosure of Plaintiff's identity. *See Solera Capital LLC*, 2019 WL 1437520, at *8. And although Plaintiff's name will become public, "[s]ealing and redacting certain documents containing sensitive information are sufficient alternatives to anonymity, and, in fact, routinely done in cases involving sensitive matters." *Id.* (citing *Anonymous v. Medco Health Solutions, Inc.*, 588 Fed. App'x 34, 35 (2d Cir. 2014)).

The Court is sympathetic to Plaintiff's request. The desire to shield oneself from the fear of public scrutiny concerning matters of sexual harassment and retaliation is understandable. Nonetheless, Plaintiff has not met her burden of demonstrating that her interest in proceeding anonymously outweighs the public's interest in disclosure and prejudice to defendants. *See id.* (denying request to proceed anonymously where the plaintiff alleged that a former coworker drugged and brutally raped her because the *Sealed Plaintiff* factors collectively weighed in favor of public disclosure).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed in this action anonymously is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 13.

SO ORDERED.

Dated: July 10, 2019
New York, New York

Ronnie Abrams
United States District Judge